IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| REBEKAH W.[1], | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:20-cv-00669 |
| | ) | |
| KILOLO KIJAKAZI, Acting | ) | By: Elizabeth K. Dillon |
| Commissioner, Social Security | ) | United States District Judge |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rebekah W. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying her application for disability insurance benefits and supplemental insurance income under the Social Security Act. (Compl., Dkt. No. 2.) Plaintiff and the Commissioner moved for summary judgment (Dkt. Nos. 14, 18), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On January 5, 2022, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 20.) Plaintiff filed objections on January 19, 2022. (Dkt. No. 21.) The Commissioner responded to plaintiff's objections on February 1, 2022. (Dkt. No. 22.)

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

1

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's decision.

## I.  BACKGROUND[2]

Plaintiff filed for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) in April 2017, claiming that his disability began on June 1, 2014, due to agoraphobia severe depressive disorder, bipolar disorder, extreme anxiety, plantar fasciitis, knee problems, carpal tunnel syndrome, scoliosis, chronic pain, memory problems, and panic attacks. (Tr. 281, 317.) The Administrative Law Judge (ALJ) held a video hearing on August 15, 2019. (Tr. 16.) On November 14, 2019, the ALJ issued a partially favorable decision denying plaintiff's claim for benefits prior to January 19, 2017, but finding that plaintiff became disabled on January 19, 2017, and continued to be disabled through the date of the ALJ's decision. (Tr. 33–34.)

The ALJ found that plaintiff suffered from the severe impairments of anxiety disorder and depressive disorder, along with mild impairments that in combination were found severe: mild bilateral carpel tunnel syndrome, status post carpel tunnel release surgeries, mild chondromalacia of the bilateral knees with right knee tendonitis, mild degenerative disc disease of the thoracic spine, mild degenerative disc disease of the lumbar spine with dextroscoliosis. (Tr. 19.) The ALJ concluded that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. (Tr. 19.) Regarding plaintiff's mental impairments, the ALJ found that plaintiff had mild limitation in understanding, remembering, or

---

[2] The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 3–5.)

applying information and moderate limitations in adapting or managing oneself, concentrating, persisting, or maintaining pace, and interacting with others. (Tr. 21.)

Prior to the established onset date of disability, plaintiff retained the residual functional capacity (RFC) to perform a limited range of light work. (Tr. 22.) Specifically, the ALJ found:

> [P]rior to January 19, 2017…[plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: lifting twenty pounds occasionally and ten pounds frequently; carrying twenty pounds occasionally and ten pounds frequently; sitting for six hours, alternate to standing for ten minutes after every one hour of sitting; standing for four hours, alternate to sitting for ten minutes after every one hour of standing; walking for four hours, alternate to sitting for ten minutes after every one hour of walking; push/pull as much as can lift/carry; she can operate foot controls with right foot frequently, she can operate foot controls with left foot frequently; she can operate hand controls with right hand frequently, she can operate hand controls with left hand frequently; she can handle items frequently with the left hand, and can handle items frequently with the right hand; frequently fingering with the left hand, and frequently fingering with the right hand; the claimant can frequently feel on the left, and can frequently feel on the right; can climb ramps and stairs occasionally; never climb ladders, ropes, or scaffolds; balance occasionally; stoop occasionally; kneel occasionally; crouch occasionally; crawl occasionally; can operate a motor vehicle occasionally; never in extreme cold; regarding ability to understand, remember, and carryout instructions, is able to as follows, detailed, but uninvolved tasks; regarding ability to use judgment, is able to perform simple work-related decisions; is able to interact with supervisors occasionally; is able to interact with coworkers rarely, meaning less than occasional, but more than never; is able to interact with the public rarely, meaning less than occasional, but more than never; regarding ability to deal with changes in work setting, she is able to tolerate few changes in a routine work setting defined as occasional changes in a routine work setting.

(Tr. 22.) Plaintiff has no past relevant work history. (Tr. 32.) The ALJ found that prior to January 19, 2017, work such as inspector, mail clerk, and textile checker existed in significant numbers in the national economy. (Tr. 33.)

3

## II.  DISCUSSION

### A.  Standard of Review

This court's review of the ALJ's underlying decision is limited.  *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made.  Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).  Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the

equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); *see also Hammack v. Berryhill*, Civil Action No. 7:16cv00314, 2017 WL 4203545, at *2 (W.D. Va. Sept. 21, 2017) ("A plaintiff who reiterates her previously raised arguments will not be given 'the second bite at the apple she seeks'; instead, her re-filed brief will be treated as a general objection, which as the same effect as would a failure to object.") (quoting *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008)).

**B. Objections to the R&R**

In her summary judgment brief, plaintiff argued that the ALJ failed to properly assess her mental impairments and subjective allegations regarding her symptoms prior to January 19, 2017. (*See* Pl.'s Mem. in Supp. of Mot. for Summ. J., Dkt. No. 15.) In many if not most respects, plaintiff's objections to the R&R are a restatement of her summary judgment arguments. It is not necessary for the court to address the exact same arguments raised before

and thoroughly addressed by the magistrate judge.  The court will, however, address the following objections.

The plaintiff objects arguing that the R&R "failed to acknowledge that the ALJ ignored evidence from Dr. Iskander, Dr. Holwick and counselor Patricia Marlow confirming that plaintiff's agoraphobia was in fact disabling prior to January 2017."  (Dkt. No. 21 at 2.)  The evidence plaintiff cites is not persuasive.  While Marlow did note that plaintiff had "[d]ifficulty getting out of [the] house," her ultimate assessment was that plaintiff experienced depression with anxiety—diagnoses that the ALJ found to be severe prior to January 2017.  (R. 23, 422.)  Further, Iskander's notes indicate a change in plaintiff's status from 2015 to January 2017, assessing plaintiff with generalized anxiety disorder with agoraphobia.  (*Compare* R. 465 *with* R. 470.)  The ALJ adequately described the plaintiff's progression to being formally diagnosed with agoraphobia in 2017.  The ALJ properly considered the evidence of record prior to January 2017.

The plaintiff argues that the R&R and ALJ failed to acknowledge the limited, intermittent nature of plaintiff's daily activities prior to 2017 when assessing her subjective allegations.  As the R&R notes, the ALJ does not misstate the frequency or occurrence of activities like attending appointments or working part-time; the ALJ's recounting is consistent with the record evidence, which shows plaintiff's part-time work and desire to return to part-time work, familial and personal relationships, attendance at appointments, among other things.  At base, plaintiff's argument is not that the ALJ failed to consider the frequency of these events but rather that the plaintiff simply disagrees with the ALJ that her subjective allegations should be discounted because of the frequency.  As the R&R notes, it is not for this court to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the

6

[Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). The ALJ's consideration of plaintiff's subjective evidence is supported by substantial evidence.

### III. CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 20) is ADOPTED;

2. Plaintiff's objections (Dkt. No. 21) are OVERRULED;

3. The Commissioner's motion for summary judgment (Dkt. No. 18) is GRANTED;

4. Plaintiff's motion for summary judgment (Dkt. No. 14) is DENIED; and

5. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: March 25, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge